IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRENT ALVON SMITH, § | |
| (TDCJ-CID #1024817) § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-10-2217 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Trent Alvon Smith, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ellis Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). Smith is currently serving a conviction imposed by a state court in Smith County, Texas. Based on a careful review, this court concludes that Smith has failed to state meritorious grounds for federal habeas relief. This petition is dismissed by separate order.

**I.      Background**

In disciplinary case 20100078106, Smith was alleged to have possessed a controlled substance and contraband. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 5). A disciplinary hearing was held on November 23, 2009. The hearing officer found Smith guilty. Smith's punishment consisted of a loss of commissary privileges for thirty days, loss of recreational privileges for thirty days, cell restriction for thirty days, and a reduction in good-time earning class status from State Approved Trusty SAT 3 to SAT 4. (*Id.*). In his Step 1 Grievance, Smith stated that his punishment also included a loss of phone privileges for thirty days, suspension of contact visits

for thirty days, and a loss of sixty days good-time credits. (Docket Entry No. 1, Federal Petition, Attachment 1, p. 22).

Smith's Step I Grievance was denied on December 17, 2009. The grievance official stated that there were no procedural errors, the evidence was sufficient to support the finding of guilt, and the punishment was within the prescribed range. Smith filed a Step II Grievance, which was denied on January 20, 2010. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 5-6).

On June 22, 2010, this court received Smith's federal petition. Smith contends that his conviction in the disciplinary case is void because there was no evidence to support the finding of guilt. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

**II.     Analysis**

    **A.     The Legal Standard**

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. However, when the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms,* 459 U.S. 460 (1983).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

**B.   Discussion**

To the extent that Smith attempts to assert a claim of a denial of due process based on the loss of privileges, the law bars his claims. The punishments that Smith received did not change the length of his sentence and are not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that gives rise to a due process claim. *Sandin*, 515 U.S. at 484, 486 n.9, *Madison*, 104 F.3d at 767-68.

Smith's change in his good-time earning status does not mean that he has lost good-time credits. As a result of the reduction of good-time earning class status, Smith's ability to earn good-time credits was curtailed. Smith's diminished ability to earn good-time credits did not deprive him of a constitutionally cognizable liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996) ("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due

process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to create a constitutionally protected liberty interest. *Id.*

Smith also states that he lost good-time credits. Smith has no claim for a delay in release to mandatory supervision because he is, by his own admission, ineligible for such release. Online research reveals that Smith is serving a seventy-five-year sentence for robbery. *See* http://www.tdcj.state.tx.us/index.htm. He is ineligible for mandatory supervision under the statute in effect when he committed the underlying offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, Sec. 3g(a)(1)(F) (Vernon Supp. 1999). A prisoner may not be released to mandatory supervision if he is serving a sentence for a second-degree felony under Section 29.02, Penal Code (Robbery). TEX. GOV'T CODE ANN. § 508.149(A)(11) (West 1997). Smith's loss good-time credit does not deprive him of a protected liberty interest because he is ineligible for release to mandatory supervision, *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

The disciplinary punishment Smith received did not affect his sentence. Smith's federal petition does not present meritorious grounds for habeas relief.

### III. Conclusion

Smith's challenges to his disciplinary conviction lack merit. This case is dismissed. Smith's constructive motion to proceed *in forma pauperis,* (Docket Entry No. 1), is granted. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that

another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Smith has not made the necessary showing.

SIGNED on June 28, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge